IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RHONDA SAUL HAMILTON**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 2:08cv208KS-MTP**

**SAFEWAY INSURANCE COMPANY**     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment [Doc. #25] (August 17, 2009) filed by Defendant Safeway Insurance Company. The Motion is opposed by Plaintiff Hamilton. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in the premises finds that the case should be stayed pending exhaustion of administrative remedies.

## I. BACKGROUND

Plaintiff Hamilton purchased auto insurance from Defendant Safeway on April 11, 2008. Def.'s Mot. Summ. J. 7 [Doc. #25]. On June 23, 2008, Safeway mailed a Premium Bill to Hamilton advising her that she owed $86.48 by July 6, 2008. *Id.* at 8. On the same day, Hamilton added a vehicle to her policy, and in response, Safeway mailed an updated Premium Bill on June 24, reflecting the new balance of $229.96 due on July 6, 2008. *Id.* On June 25, 2008, one day after mailing the bill, Safeway mailed a Notice of Cancellation for nonpayment of premium to Hamilton, advising her that her coverage would be cancelled on July 6, 2008. *Id.*

1

Payment was not made on or before July 6, 2008, and Safeway cancelled the policy on that day. Hamilton subsequently had an auto accident on July 15, 2008. *Id.* at 9. On July 17, 2008, Hamilton paid her amount due plus late fee and Safeway reinstated her policy as of that date. *Id.* On August 4, 2008, Safeway denied coverage for the accident on July 15 due to the lapse in coverage. *Id.*

Hamilton contends that Safeway's denial of her claim was made in bad faith because it did not mail the notice of cancellation by certified mail and did not provide ten days notice from the day that her payment was due, but rather, used a preemptive notice of cancellation. Compl. ¶¶ 14, 17 [Doc. #1]. Hamilton argues that Safeway knew that preemptive notices were improper based on this Court's Order in *Keys v. Safeway* finding that the practice of sending preemptive notices was contrary to Mississippi Code Annotated § 83-11-5. Compl. ¶¶ 18-20, 22; *see also Keys v. Safeway Ins. Co.*, 556 F.Supp.2d 586 (S.D. Miss. 2008).

Safeway argues in its Motion for Summary Judgment that Hamilton has failed to exhaust her administrative remedies and that its preemptive notice does not violate Mississippi law. Def.'s Mot. Summ. J. 11-12 [Doc. #25]. Plaintiff contends that administrative review of the cancellation is not necessary since the policy never cancelled because proper notice of cancellation was never sent. Pl.'s Resp to Def's Mot. Summ. J. 6 [Doc. # 28]. Plaintiff further argues that the administrative appeal should not be required because "this is a statute that many lawyers in Mississippi don't even know exists." *Id.*

## II. LAW AND APPLICATION

Plaintiff is seeking extra-contractual damages for wrongful denial of claims as well as

punitive damages for bad faith denial of benefits due under her auto insurance policy. In this diversity suit, the substantive law of Mississippi applies. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Mississippi law recognizes a claim of bad faith refusal of insurance coverage, and a corresponding entitlement to punitive damages, if a plaintiff can prove that (1) there was no arguable or legitimate reason to deny coverage and (2) the insurer acted willfully, maliciously, or with gross and reckless disregard for the insured's rights. *See State Farm Mut. Auto. Ins. Co. v. Grimes,* 722 So.2d 637, 641 (Miss. 1998). If the insurer had an arguable reason to deny coverage, punitive damages are impermissible. *See Pioneer Life Ins. Co. of Ill. v. Moss*, 513 So. 2d 927, 929 (Miss. 1987).

In support of her bad faith claims, Hamilton claims that notice of cancellation was improper under Mississippi Code Annotated § 83-11-5, which states that "where cancellation is for nonpayment of premium at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given." Hamilton's payment was due on July 6, 2008. Safeway preemptively mailed its notice of cancellation on June 25, 2008, advising Hamilton that the policy would be cancelled for nonpayment on July 6, 2008. Hamilton argues that Safeway's actions were in bad faith because they had notice in April 2008 of this Court's Order finding preemptive notices improper, yet they continued to utilize them. *See Keys*, 556 F.Supp.2d 586 (S.D. Miss. 2008).

Safeway argues that this Court does not have jurisdiction over this dispute because Hamilton did not exhaust the exclusive administrative remedies provided for by Mississippi law. Mississippi law provides that:

A named insured who wishes to contest the reason or reasons for a cancellation of

3

> a policy which has been in effect for sixty (60) days or more or failure by insurer to give proper notice of nonrenewal as provided hereunder shall, not less than seven (7) working days from the date of receipt of notice of cancellation or receipt of notice of nonrenewal, mail or deliver to the Commissioner of Insurance a written request for a hearing, which request shall state clearly the basis for the appeal and shall be accompanied by a filing fee of Fifteen Dollars ($15.00).
>
> A cancellation or nonrenewal which is subject to the provisions of this article shall be deemed effective unless the Commissioner of Insurance determines otherwise in accordance with the provisions of this article.

MISS. CODE ANN. § 83-11-17 (1999). The article then provides provisions outlining the administrative procedure for conducting the hearing, MISS. CODE ANN. § 83-11-19, and the procedure for appealing the commissioner's decision, MISS. CODE ANN. § 83-11-21.

"Mississippi has followed the great weight of authorities requiring persons to exhaust their administrative remedies before resorting to court." *Davis v. Barr*, 157 So.2d 505, 508 (Miss. 1963). "Unless there is a clear indication of a contrary legislative intent, if the legislature provides a remedy before an administrative agency which meets the demands of due process of law and does not invade the constitutional jurisdiction of a court, a court may be deemed to have no jurisdiction in the premises." *Id.* at 510 (*citing* 2 Am. Jur.2d, Administrative Law, § 779, p. 679). Administrative remedies do not need to be exhausted if the remedies are inadequate or if appeal to the administrative agency is "futile." *Miss. Dept. of Environmental Quality v. Weems*, 653 So.2d 266 (Miss. 1995) (*quoting* Davis, ADMINISTRATIVE LAW TREATISE, 2d, Vol. 4, § 26:5 p. 432 (1983).

> Pulling away from requirement of exhaustion are combinations of such factors as irreparable injury to a party from pursuing the administrative remedy, clear absence of agency jurisdiction, clear illegality of the agency's position, a dispositive question of law peculiarly within judicial competence, the futility of exhaustion, and expense and awkwardness of the administrative proceeding as compared with inexpensive and efficient judicial disposition of the controversy.

> Pulling toward requirement of exhaustion are combinations of such factors as
> need for factual development, importance of reflecting agency's expertise or
> policy preferences in the final result, probability that the agency will satisfactorily
> resolve the controversy without judicial review, protection of agency processes
> from impairment by avoidable interruption, conservation of judicial energy by
> avoiding piecemeal or interlocutory review, and providing the agency opportunity
> to correct its own errors.

*Id.* at 278 (*quoting* Davis, § 26:1, at 413-14).

In *Walls v. Franklin Corp.*, the Mississippi Supreme Court ruled that a claim against a workers compensation carrier for bad faith refusal to pay expenses could not be maintained without a determination by the commission that the services demanded were reasonable and necessary. 797 So.2d 973, 977 (Miss. 2001); *see also Whitehead v. Zurich American Ins. Co.*, 348 F.3d 478 (5th Cir. 2003) (requiring exhaustion of administrative remedies before intentional tort claim can be brought against carrier).

**A. Hamilton's claim that Safeway's preemptive notice of cancellation was ineffective to cancel the policy is contrary to § 83-11-17's presumption of effective cancellation in the absence of the Insurance Commissioner's determination otherwise.**

Section § 83-11-17 expressly outlines two circumstances where an insured should present his or her contest to the Insurance Commissioner within seven days of receipt of notice of cancellation or nonrenewal: 1) when the insured is contesting the **reasons for cancellation**, or 2) when the insured is contesting whether the insurer provided **proper notice of nonrenewal**. Throughout Article 1, "Cancellation or Nonrenewal of Policy," the requirements for nonrenewals and cancellations are separately considered. The plain language in this first sentence does not expressly require a hearing either for the reasons for nonrenewal or to contest whether the insurer provided proper notice of cancellation, which is at issue in this case. However, the second

sentence of § 83-11-17 creates a presumption that a "cancellation or nonrenewal which is subject to the provisions of this article shall be deemed effective unless the Commissioner of Insurance determines otherwise in accordance with the provisions of this article." MISS. CODE ANN. § 83-11-17. Under the plain language of this sentence, an insured would have to appeal to the administrative agency if they had any reason to believe his or her cancellation was ineffective, including, necessarily, that the cancellation was ineffective because of improper notice. However, the seven day period from the time of receipt of notice of cancellation of nonrenewal during which time the insured must request a hearing would not apply.[1]

This interpretation of the statute is supported by the facts and procedural posture of the Mississippi Supreme Court case, *State Farm Insurance Company v. Gay.* 526 So. 2d 534 (Miss. 1988). In this case, Gay had an auto insurance policy with State Farm. *Id.* at 534. On October 6, 1983, State Farm mailed a notice of cancellation for nonpayment of premium, effective October 20, 1983, to Gay. *Id.* at 534-35. On October 27, an accident occurred, and a claim was filed a few days later. *Id*. at 535. On November 2, 1983, State Farm denied the claim because the policy had been cancelled. *Id.* Gay then filed an appeal with the insurance commissioner and a hearing was held on May 1, 1984. *Id.* Gay argued that State Farm did not provide adequate notice of

---

[1]The statutory language involving the seven day window to appeal is less than clear. Read literally, the statute requires the insured to mail his request for a hearing "*not less than* seven working days from the date of receipt." MISS. CODE ANN. § 83-11-17 (emphasis added). Does this mean that the insured must *wait* seven days before requesting a hearing? To require a request *within* the seven days, the statute may have been more properly worded: "A named insured . . . shall, not *more* than seven days from date of receipt . . . ." *Mississippi Auto Insurance Law and Practice* interprets Section 83-11-17 to require appeal to the commissioner within seven days. See DAVID D. O'DONNELL & S. DUKE GOZA, MISSISSIPPI AUTO INSURANCE LAW & PRACTICE § 2:3 (2008)("An insured wishing to appeal a wrongful non-renewal is required to mail or deliver a request for hearing to the insurance commissioner *within seven working days* from date of receipt of the notice of non-renewal.")(emphasis added).

cancellation because although it was mailed to his last known address, he claims he never got actual notice because he never received it. *Id.* On May 3, 1984, the agency found in favor of Gay, and on February 14, 1986, the chancellor upheld the ruling on appeal, but the Mississippi Supreme Court reversed, finding that proof of mailing satisfies the notice requirement. *Id.* at 535, 538.

The *Gay* case demonstrates that the Insurance Commissioner does take appeals challenging whether notices of cancellation were proper, not just those appeals involving notices of nonrenewals. Thus, the second sentence likely expands the Insurance Commission's jurisdiction to all issues arising under the Article involving cancellation and nonrenewal of auto insurance policies. Also, the *Gay* case demonstrates that the seven day window from the time notice is received does not apply to all appeals of cancellation or nonrenewal. Although the case does not say exactly when the request for hearing was made, it was necessarily more than seven days after the notice of cancellation. Of course, Gay claims he did not receive a notice of cancellation at all, so it is possible that the seven day clock never started ticking. This Court is of the opinion, however, that neither Gay's claim nor Hamilton's claim of improper notice of cancellation should be subject to this seven day time period under the plain language of § 83-11-17 because the appeal is properly taken under the second sentence of § 83-11-17 and not the first. Therefore, the Court finds that Hamilton must exhaust her administrative remedies as provided for by statute, and should not be time-barred from seeking her appeal of the effectiveness of preemptive notices of cancellation.

The factors considered by the Mississippi Supreme Court in *Weems* support this Court's finding that the administrative remedies should be exhausted before this court will consider

7

Hamilton's claims. While the Insurance Commissioner would not be able to resolve the bad faith claims brought by Hamilton, he would be able to make a determination whether the cancellation was effective. Requiring administrative appeal would result in a factual determination by the current insurance commissioner instead of mere speculation as to the validity of preemptive notices. As clearly stated in § 83-11-17, the presumption is that a cancellation was effective unless the Insurance Commissioner determines otherwise.

Also, setting an administrative hearing with the Insurance Commissioner and getting his determination as to the effectiveness of the cancellation will be speedy and inexpensive. Section 83-11-19 requires that the commissioner call the hearing within two days of receipt of a hearing request, and requires the commissioner issue his written findings within two days of the hearing. MISS. CODE. ANN. § 83-11-19 (1999). The fee for the hearing is $15.00. *Id.* Therefore, seeking the commissioner's expertise and policy preferences will not be a significant burden on the parties. Therefore, this Court finds that the parties must exhaust the administrative remedies provided by statute.

Lastly, Hamilton argues that an administrative resolution is not practical because "many lawyers in Mississippi don't even know [the statute] exists and from a practical standpoint unless the insurer gives the Plaintiff knowledge of the appeal process, which it did not, then how would the average citizen ever know this appeal process existed." Pl.'s Resp. to Def.'s Mot. Summ. J. 6 [Doc. #28]. However, it is axiomatic that ignorance of the law is not a defense.

### B. Staying the Proceedings

"A district court has the inherent power to stay its proceedings." *Hood ex. rel Mississippi v. Microsoft Corp.*, 428 F.Supp.2d 537, 541 (S.D. Miss. 2006). "This power to stay is 'incidental

to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* (*quoting Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987).

Generally, this Court will dismiss a complaint without prejudice upon finding that administrative remedies have not been exhausted. However, the parties have put much work into the preparation of the bad faith case, including discovery and depositions. After the speedy resolution of the administrative hearing, either party has a statutory right to a *de novo* review in the chancery court. MISS CODE ANN. § 83-11-21 (1999). It is likely that the case will again require judicial review. Therefore, in the interest of judicial economy and efficiency, this case should be stayed pending the order of the commissioner.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is stayed pending administrative review by the Commissioner of Insurance.

It IS FURTHER ORDERED AND ADJUDGED that the parties shall advise the court of the outcome of its hearing within sixty (60) days of this Order for the entry of further and appropriate orders.

SO ORDERED AND ADJUDGED on this, the 13th day of October, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE