**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**RHONDA SAUL HAMILTON**                                                                               **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 2:08-CV-208-KS-MTP**

**SAFEWAY INSURANCE COMPANY**                                        **DEFENDANT**

## **MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants** Defendant's Motion for Summary Judgment [25]. Accordingly, this case is **closed**.

### **I. BACKGROUND**

Plaintiff purchased auto insurance from Defendant on April 11, 2008. On June 23, 2008, Defendant mailed a Premium Bill to Plaintiff advising her that she owed $86.48 by July 6, 2008. On the same day, Plaintiff added a vehicle to her policy. Therefore, Defendant mailed an updated Premium Bill on June 24, advising that a balance of $229.96 was due by July 6, 2008. On June 25, 2008, one day after mailing the bill, Defendant mailed a Notice of Cancellation to Plaintiff, advising her that her coverage would be cancelled on July 6, 2008 for reason of nonpayment.

Plaintiff failed to make a payment on or before July 6, 2008. Accordingly, Defendant cancelled her policy on that day. Plaintiff subsequently had an automobile accident on July 15, 2008. On July 17, 2008, she paid the amount due plus a late fee, and Defendant reinstated her policy as of that date. However, on August 4, 2008, Defendant denied coverage for the July 15, 2008, accident

1

due to the lapse in coverage. On January 28, 2009, Plaintiff initiated the present action.

According to her Amended Complaint [15], Plaintiff contends that she never received a "cancellation notice certified mail" as required by Mississippi Code Section 83-11-1 and as alleged in Defendant's letter denying her claim. However, based on the other allegations of her Amended Complaint, it appears that she implicitly admits that she received a preemptive notice of cancellation. She argues that Defendant intentionally violated Mississippi law by sending a notice of cancellation for reason of nonpayment before the premium payment was due. She contends that Defendant knew this practice violated Mississippi law because of this Court's April 22, 2008, Memorandum Opinion and Order in *Keys v. Safeway Ins. Co.*, 556 F. Supp. 2d 586 (S.D. Miss. 2008), *withdrawn in part by Keys v. Safeway Ins. Co.*, No. 2:07–CV–KS–MTP, 2011 U.S. Dist. LEXIS 13197 (S.D. Miss. Feb. 9, 2011) (memorandum opinion and order granting motion for summary judgment). Therefore, Plaintiff argues that Defendant's cancellation of her policy and subsequent denial of her claim constituted bad faith. She further argues that Defendant tortiously breached the insurance contract by wrongfully canceling the policy and denying her claim.

Defendant filed its Motion for Summary Judgment [25] on August 17, 2009. Therein, Defendant argued that Plaintiff failed to exhaust her administrative remedies with the Insurance Commissioner before presenting this dispute to the Court. Defendant further argued that its cancellation of Plaintiff's policy was proper. First, Defendant claimed that it complied with the plain language of Mississippi Code Section 83-11-5. Defendant also argued that it complied with the Mississippi Insurance Department's interpretation of Section 83-11-5. Finally, Defendant maintained that its actions were consistent with the standard practices of Mississippi insurers. With respect to Plaintiff's breach of contract claim, Defendant claimed that it fully complied with the contract's

2

terms.

In response [28], Plaintiff argued that she was not required to exhaust her administrative remedies with the Insurance Commissioner insofar as there was never a proper, effective cancellation. Plaintiff further argued that Defendant's practice of providing preemptive cancellation notices clearly violated Section 83-11-5, citing this Court's opinion in *Keys*. Finally, Plaintiff argued that Defendant's purported compliance with the insurance contract was of no import, as the contract was a unilateral agreement which Plaintiff was forced to accept if she desired insurance. Plaintiff maintained that Defendant's conduct constituted bad faith, as it continued with a practice this Court held to be improper under Mississippi law.

Defendant subsequently filed a Motion to Stay [30] the case, pending the resolution of an administrative review by the Commissioner of Insurance in *Keys*, where the Court faced the same issue regarding the propriety of preemptive cancellation notices. *See Keys v. Safeway Ins. Co.*, No. 2:07–CV–372–KS–MTP, 2009 U.S. Dist. LEXIS 10029, at *10-*13 (S.D. Miss. Oct. 13, 2009) (finding that the parties must exhaust the administrative remedies provided by statute).

On October 13, 2009, the Court stayed the case pending administrative review by the Commissioner of Insurance. *Hamilton v. Safeway Ins. Co.*, No. 2:08-CV-208-KS-MTP, 2009 U.S. Dist. LEXIS 95124 (S.D. Miss. Oct. 13, 2009). The Court observed that Mississippi Code Section 83-11-17 creates a presumption that a "cancellation or nonrenewal which is subject to the provisions of this article shall be deemed effective unless the Commissioner of Insurance determines otherwise in accordance with the provisions of this article." *Id.* at *8-*9 (citing MISS. CODE ANN. § 83-11-17). Therefore, as the substantive basis of Plaintiff's case is that Defendant's cancellation of her policy was improper, she was required to appeal Defendant's cancellation with the Commissioner of

Insurance. *Id.* at *10-*12. The Court noted that exhaustion of administrative remedies would not present a significant burden on the parties. *Id.* at *12-*13. Accordingly, the Court stayed the case pending Plaintiff's exhaustion of the administrative review and appeal process. *Id.* at *14.

On February 4, 2010, the Court ordered the Clerk of the Court to remove the case from the Court's active docket [32]. The Court further ordered that either party may file a motion to reinstate the case in the event that further proceedings were required once the administrative review and appeal process were completed.

On June 2, 2010, the Commissioner of Insurance issued his decision regarding the validity of Defendant's preemptive cancellation notice [33-1]. Therein, the Commissioner found that the "preemptive notice of cancellation . . . did not violate Miss. Code Ann. § 83-11-5." The Commissioner further found that "the cancellation of [Plaintiff's] automobile insurance policy for non-payment of premium . . . was valid under Miss. Code Ann. § 83-11-5 and was in accordance with industry standards in effect" at the time. Plaintiff appealed the Commissioner's decision, and on January 11, 2011, the Chancery Court of Jones County, Mississippi, affirmed the Commissioner's decision.

On January 14, 2011, Defendant filed a Motion to Reinstate [33] the case to the active docket, and for leave to file supplemental exhibits in support of its Motion for Summary Judgment of August 17, 2009. The Court granted the motion [34], ordered the Clerk to reinstate the case to the active docket, and allowed Plaintiff fourteen (14) days to respond to Defendant's supplemental exhibits. Plaintiff failed to respond, and Defendant's Motion for Summary Judgment [25] is ripe for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138 (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138 (quoting *Daniels*, 246 F.3d at 502). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

*A.     Bad Faith*

Plaintiff claims that Defendant exhibited bad faith by improperly cancelling her policy for nonpayment and denying her claim for an accident that occurred during the lapse in coverage. In Mississippi, to prevail on a bad faith claim, a plaintiff must prove "that the insurer lacked an arguable or legitimate basis for denying [or delaying payment of] the claim, or that the insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Dauro v. Allstate Ins. Co.*, 114 F. App'x 130, 135 (5th Cir. 2004) (quoting *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003)) (alteration original). Further, "where an insurance carrier denies or delays payment of a valid claim, punitive damages will not lie if the carrier has an arguable reason for such denial or delay." *Id.*[1] An insurer has no arguable basis for delaying payment on a claim if "nothing legal or factual would have arguably justified" its position.

---

[1] *See also Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 280 (5th Cir. 1988) (if the evidence suggests that the insurer had a reasonably arguable basis for denying the claim, its conduct cannot constitute bad faith) (citing *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So. 2d 833, 842 (Miss. 1985); *Standard Life Ins. Co. of Ind. v. Veal*, 354 So. 2d 239, 248 (Miss. 1977)); *Spansel v. State Farm Fire & Cas. Co.*, 683 F. Supp. 2d 444, 447 (S.D. Miss. 2010) (to prove a bad faith claim, a plaintiff must show that the insurer lacked an arguable or legitimate basis for its actions) (citing *United Am. Ins. Co. v. Merrill*, 978 So. 2d 613, 634 (Miss. 2007)); *Tipton v. Nationwide Mut. Fire Ins. Co.*, 381 F. Supp. 2d 572, 579 (to survive summary judgment on a bad faith claim, a plaintiff must show that a material issue of fact exists as to whether the insurer lacked an arguable or legitimate basis for denying his claim) (citing *Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 232 (Miss. 2001)); *United Servs. Auto. Ass'n v. Lisanby*, 47 So. 3d 1172, 1179 (Miss. 2010) (where insurer had an arguable basis for denying claim, it did not act in bad faith) (citing *Merrill*, 978 So. 2d at 627); *Merrill*, 978 So. 2d at 634 ("If there is a finding that there was a reasonable arguable basis to deny the claim then the [plaintiff] is not entitled to have the jury consider any bad faith award against the insurance company.") (quoting *Windmon v. Marshall*, 926 So. 2d 867, 872 (Miss. 2006)); *Wise v. United Servs. Auto. Ass'n*, 861 So. 2d 308, 319-20 (Miss. 2003) (where insurer had a legitimate and arguable basis in law for denying claim, plaintiffs did not have a valid bad faith claim) (citing *Cossitt v. Federated Guar. Mut. Ins. Co.*, 541 So. 2d 436, 443 (Miss. 1989)).

*Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 272 (5th Cir. 2008). Whether Defendant had an arguable basis for its actions "is an issue of law for the court." *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008) (citing *U.S. Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992)).

Mississippi Code Section 83-11-5 provides the procedures by which an insurer may cancel an insurance policy for nonpayment of premiums:

> No notice of cancellation of a policy to which Section 83-11-3 applies shall be effective unless mailed or delivered by the insurer to the named insured and to any named creditor loss payee at least thirty (30) days prior to the effective date of cancellation; provided, however, that **where cancellation is for nonpayment of premium at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given.** Unless the reason accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than fifteen (15) days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation.

MISS. CODE ANN. § 83-11-5 (emphasis added).

According to Mississippi's Commissioner of Insurance [33-1], Defendant's practice of providing preemptive notice of cancellation for reason of nonpayment does not violate Mississippi Code Section 83-11-5. Therefore, the Commissioner found that the preemptive notice of cancellation was valid. After Plaintiff appealed the Commissioner's decision, the Chancery Court of Jones County, Mississippi, affirmed it [33-2]. The Chancery Court cited *Brown v. Progressive Gulf Ins. Co.*, 761 So. 2d 134 (Miss. 2000). In *Brown*, the issue before the Mississippi Supreme Court was whether the insurer was equitably estopped from denying coverage because the insurer negotiated the policyholders' check. *Id.* at 136. The court did not address whether the cancellation notice itself was effective, but it appears to have assumed that it was valid and effective. *See Id.* ("Faced with what would otherwise constitute a statutorily valid cancellation, the [plaintiffs] argue . . . .").

However, as this Court has previously noted, *Brown* involved a cancellation notice sent "after the precondition for cancellation had occurred." *Keys*, 556 F. Supp. at 589. Regardless, the Chancery Court of Jones County, Mississippi, affirmed the decision of the Commissioner of Insurance that the notice given to Plaintiff was sufficient. The judge noted: "If the Mississippi Legislature intends for insureds to receive a ten (10) day grace period for nonpayment of premiums after the due date for premiums has passed then the statute needs to specifically say so."

This Court must apply the substantive law of Mississippi to this case. *See Walker v. George Koch Sons, Inc.*, 610 F. Supp. 2d 551, 555 (S.D. Miss. 2009) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). Mississippi courts have held that "[a]n agency's interpretations of statutes that it uniquely is to enforce or apply are entitled to deference. Unless the agency's interpretation overrides a plain meaning that must be given to such a statute or is otherwise unreasonable, a court should accept the interpretation." *Miss. Dep't of Corr. v. Harris*, 831 So. 2d 1190, 1192 (Miss. Ct. App. 2002) (citing *His Way Homes, Inc. v. Mississippi Gaming Comm'n*, 733 So. 2d 764, 767 (Miss. 1999)); *see also Gill v. Miss. Dep't of Wildlife Conservation*, 574 So. 2d 586, 593 (Miss. 1990) ("[W]e have accepted an obligation of deference to agency interpretation and practice in areas of administration by law committed to their responsibility."); *Bynum v. Miss. Dep't of Educ.*, 906 So. 2d 81, 106 (Miss. Ct. App. 2004) ("This Court defers to an agency's interpretation of its own statutes and rules unless the agency interpretation contravenes the statutory language."). This Court has noted the absence of Mississippi case law explicitly addressing Defendant's practice of sending preemptive notice of cancellation for reason of nonpayment. *See Keys*, 556 F. Supp. at 590 n. 1. While the Court maintains its belief that

8

this practice defeats the underlying purpose of the statute, it can not find that the Commissioner's interpretation of the statute is contrary to its plain language. Accordingly, the Court must defer to the state agency's interpretation. *See Gill*, 574 So. 2d at 593; *Harris*, 831 So. 2d at 1192.

Plaintiff failed to respond to Defendant's latest supplemental brief or present any substantive evidence or argument as to why the Court should not defer to the decisions of the Insurance Commissioner and Chancery Court. In light of the Commissioner's decision and Chancellor's affirmation, the Court finds that Defendant gave proper notice of its cancellation of Plaintiff's policy and that it had an arguable reason to deny her claim for the July 15, 2008, accident. Therefore, Plaintiff has failed to present a valid bad faith claim, and the Court grants Defendant's Motion for Summary Judgment as to that cause of action.

### B.     *Tortious Breach of Contract*

Tortious breach of contract requires, in addition to the breach, some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort. *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56 (Miss. 2004); *Robinson v. S. Farm Bureau Cas. Co.*, 915 So. 2d 516, 520 (Miss. Ct. App. 2005). Plaintiff has not provided any evidence that Defendant engaged in behavior which rises to the level of an independent tort. In her response to Defendant's Motion for Summary Judgment, she argues that Defendant's use of preemptive cancellation notices constitutes such behavior. However, as explained above, the Court defers to the judgment of the Insurance Commissioner and finds that Defendant provided proper notice of cancellation. Therefore, Plaintiff did not present a valid claim for tortious breach of contract.

Furthermore, where there has been no breach of contract, a plaintiff can not recover for tortious breach. *See Braidfoot v. William Carey College*, 793 So. 2d 642 (Miss. Ct. App. 2000). The

policy provided:

> 2. **We** may cancel by mailing to you at the address shown in this policy:
>
>    a. at least 10 days notice if cancellation is for nonpayment of premium;
>    b. at least 30 days notice in all other cases.
>
> 3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, **we** will cancel only:
>
>    a. for nonpayment of premium; . . .

Plaintiff does not dispute that she failed to timely pay the policy premium, and she has not presented any evidence that Defendant failed to comply with the above terms. As the Court noted above, Defendant also complied with the applicable notice requirements of Mississippi law.

Plaintiff also argues that the policy was a unilateral agreement which she was forced to accept or go without insurance coverage. The Mississippi Supreme Court has held that "[i]nsurance contracts essentially are contracts of adhesion." *United States Fid. & Guar. Co. v. Ferguson*, 698 So. 2d 77, 80 (Miss. 1997); *see also Lewis v. Allstate Ins. Co.*, 730 So. 2d 65 (Miss. 1998). Accordingly, "[i]nsurance contracts are to be construed in accordance with the plain language of the policies as bargained for by the parties, with any ambiguities interpreted liberally in favor of the insured." *Lewis*, 730 So. 2d at 70. Plaintiff's policy was not ambiguous. Indeed, she does not argue that it was ambiguous or that she failed to understand that her failure to pay the premium would result in cancellation of the policy. Therefore, this argument is irrelevant. For all the reasons stated above, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's tortious breach of contract claim.

## IV. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [25]. Accordingly, **this case is closed**.

**SO ORDERED AND ADJUDGED** this 14th day of February, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE