**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**RHONDA SAUL HAMILTON**                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 2:08-CV-208-KS-MTP**

**SAFEWAY INSURANCE COMPANY**                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's objection [39, 42] to Defendant's Bill of Costs [38] and the Clerk's taxation of said costs [41] is sustained in part and overruled in part.

### I. BACKGROUND

On February 15, 2011, the Court entered a Final Judgment [37] in favor of Defendant, dismissing this case with prejudice. On February 21, 2011, Defendant filed its Bill of Costs [38], seeking to recover the following expenses: 1) $333.50 for a transcript of a hearing before the Mississippi Insurance Department; 2) $733.00 for copying services; and 3) $7,793.75 for expert witness fees. The Bill of Costs was accompanied by an affidavit from Defendant's counsel in which he attested that the items claimed in the Bill of Costs were correct, that they were necessarily incurred in the case, and that the services for which fees were charged had actually been provided. Defendant also attached an itemization of costs and several invoices.

On February 23, 2011, Plaintiff filed an objection [39] to the Bill of Costs, arguing that the costs were improper and not contemplated by 28 U.S.C. § 1920. Plaintiff noted that the bulk of the costs were for expert witness fees. Plaintiff also argued that the invoices attached to the Bill of Costs did not properly reflect the reasons the costs were incurred, the services provided, or that the costs

1

were necessary. Other than a cursory reference to Section 1920, Plaintiff offered no legal support for her objection.

On February 24, 2011, Defendant filed a response [40] to Plaintiff's objection, in which it argued that the expert witness fees were proper costs necessarily incurred in defense of this matter. Defendant further argued that it should be awarded the full amount of expenses, based on its success on the merits of the case and the potential liability it faced in the alternative. Defendant provided no legal support for this argument.

On March 8, 2011, the Clerk taxed Defendant's full amount of costs –  in the amount of $8,860.25 –  to Plaintiff. On March 10, 2011, Plaintiff filed a second objection [42]. Therein, Plaintiff argued that expert witness fees were not contemplated by 28 U.S.C. § 1920. Plaintiff further argued that the remaining costs were improper and not contemplated by 28 U.S.C. § 1920 or 28 U.S.C. § 1821. Beyond cursory references to the above-cited statutes, Plaintiff again provided no legal support for her arguments.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1). The Clerk waited the requisite fourteen days before taxing costs to the Plaintiff, and Plaintiff objected within seven days of the clerk's action. Defendant has not provided any further response to Plaintiff's second objection. Therefore, the issue is ripe for the Court's review.

Congress provided that:

A judge or clerk of any court of the United States may tax as costs the following:

(1)     Fees of the clerk and marshal;
(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)     Docket fees under section 1923 of this title;
(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court "may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quoting *Cook Children's Med. Ctr. v. The New England Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)).

"[C]ourts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates. Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am., AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). However, there is "a strong presumption 'that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption since denial of costs is in the nature of a penalty.'" *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)).

A.     ***Expert Fees***

The Court shall first address Defendant's expert witness fees. Witness fees are governed by

28 U.S.C. § 1821. The United States Supreme Court has explained the interrelation of Rule 54(d)(1) (relating to costs other than attorneys' fees), 28 U.S.C. § 1920 (listing "costs" that may be taxed by a federal court), and 28 U.S.C. § 1821 (authorizing per diem and travel expenses for witnesses). The Court held "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

The wording of Rule 54(d)(1) has been amended since *Crawford*. *Compare* FED. R. CIV. P. 54(d)(1) (2009), *with Crawford*, 482 U.S. at 441, 107 S.Ct. 2494. However, the operative language remains substantially the same. In pertinent part, current Rule 54(d)(1) reads: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The *Crawford* Court explained that Section 1920 defines "costs" as used in Rule 54(d)(1) and enumerates the expenses that a federal court may tax as costs. *Crawford*, 482 U.S. at 441-42, 107 S.Ct. 2494. Section 1920 permits compensation for expert witnesses only when those witnesses are appointed by the court. 28 U.S.C. § 1920(6). Thus, expert witness fees in excess of the standard witness per diem and travel allowances cannot be taxed as costs unless there is a specific statutory provision which allows such. *See also Leroy v. Houston*, 831 F.2d 576, 584 (5th Cir.1987).

In the present case, Defendant has described the services provided by its experts as follows: reviewing Defendant's file; preparing an opinion, report, or affidavit; conferring with Defendant's counsel; and corresponding with Defendant's counsel. Neither the invoices nor Defendant's itemization indicate that any of the time was expended "in attendance at any court of the United

4

States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States . . . ." 28 U.S.C. § 1821(a)(1). Therefore, the $7,793.75 expended by Defendant on expert witnesses is not recoverable, and the Court sustains Plaintiff's objection thereto. *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (expert fees are not recoverable).

**B.      *Transcripts***

        Next, the Court shall address Plaintiff's objection to the transcript fees. Plaintiff argues that Defendant failed to offer any evidence that it actually incurred the costs of obtaining transcripts. However, Defendant submitted an invoice from its court reporting service for $333.50, as well as to an affidavit from Defendant's counsel attesting that the services were provided and paid for. This is sufficient to support an award of transcript costs. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005) (where party submitted a redacted invoice and a supporting affidavit from counsel, district court did not abuse discretion by awarding cost of photocopies); *Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir. 1999) (it was not an abuse of discretion for a district court to award cost of copying, despite the defendants' failure to produce a receipt).

        Plaintiff also contends that the transcript was not necessary for this litigation. An award of transcript costs is allowed under 28 U.S.C. § 1920, if the transcripts are "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2); *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 428 (5th Cir. 2010). The transcript at issue was of a hearing before the Mississippi Insurance Department on April 21, 2010. As the Court noted in its Opinion of February 3, 2011 [36], it is bound to apply the substantive law of Mississippi. *See Walker v. George Koch & Sons, Inc.*, 610 F. Supp. 2d 551, 555

5

(S.D. Miss. 2009) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). Mississippi courts defer to a state agency's interpretation of its own statutes, unless the agency's interpretation is contrary to the statute's plain meaning. *Miss. Dep't of Corr. v. Harris*, 831 So. 2d 1190, 1192 (Miss. Ct. App. 2002) (citing *His Way Homes, Inc. v. Mississippi Gaming Comm'n*, 733 So. 2d 764, 767 (Miss. 1999)). Therefore, this Court's decision hinged – in large part – on the findings of the Department of Insurance. Furthermore, in its October 13, 2009, Memorandum Opinion and Order, the Court ordered the parties to exhaust the administrative remedies available under Mississippi law, including the review of the Commissioner of Insurance. Accordingly, the transcript of those proceedings was necessary to the proper disposition of this matter, and the Court overrules Plaintiff's objection thereto.

## C.    *Copying*

Finally, Plaintiff objects to the taxation of Defendant's costs for copying and printing services. An award of photocopying costs is authorized in Section 1920. *See* 28 U.S.C. § 1920(3), (4). However, Before the Court can tax the costs of photocopying, "it must find that the copies for which costs were sought were necessarily obtained for use in the litigation." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 65 (5th Cir. 1994).

First, Plaintiff contends that the invoices provided by Defendant are insufficient to prove that the copying costs were incurred in this case. Plaintiff argues that the handwritten note on each invoice is insufficient to establish that the copies were obtained in this litigation. Defendant's counsel submitted an affidavit attesting that the costs were incurred in this case, and Plaintiff has not presented any evidence to dispute the affidavit. Therefore, the only evidence currently before the

Court indicates that the invoices were incurred for this case. Accordingly, the Court rejects Plaintiff's argument on this point. *See United Teacher Assocs. Ins. Co.*, 414 F.3d at 574 (where party submitted a redacted invoice and a supporting affidavit from counsel, district court did not abuse discretion by awarding cost of photocopies).

Plaintiff also argues that it was unnecessary for Defendant's counsel to hire a copying service, as the copies could have been made in house. Plaintiff has not presented any legal authority for this proposition. This Court has previously awarded costs for outside photocopying services. *See Home Builders Ass'n v. City of Madison*, 191 F.R.D. 515, 520 (S.D. Miss. 1999) (where defendant obtained three sets of copies from an outside copying service, the court awarded costs for one of the sets). Further, the Fifth Circuit has indicated that hiring an outside copying service may be preferable to making copies in-house, if an outside service can provide the service at a lower cost. *Fogleman v. ARAMCO*, 920 F.2d 278, 287 (5th Cir. 1991). The Court has no reason to believe that the cost charged by the copying service is necessarily greater than the cost of making copies in-house when accounting for the cost of paper, toner, labor, and copying machine maintenance. As Plaintiff has offered nothing more than bare speculation on this point, the Court rejects this argument.

Finally, Plaintiff argues that 28 U.S.C. § 1920 does not contemplate the taxation of costs for multiple copies of files for multiple attorneys within the same firm. The Fifth Circuit has "indicated that multiple copies of relevant documents may not be charged to an opponent." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) (citing *Fogleman*, 920 F.2d at 286). "Additional charges incurred merely for the convenience of one party's counsel should not be taxed to the other." *Fogleman*, 920 F.2d at 286. Therefore, Plaintiff "should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible

7

for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id.* Plaintiff has offered nothing more than mere speculation on this point, failing to even point out information contained in Defendant's invoices which indicates that multiple copies were made.

According to Defendant's itemization, it incurred copying expenses for the following items:

1.      Copy of defendant's claim file re: plaintiff, printed from CD ($13.91);

2.      Copies of pre-discovery disclosure documents ($20.87);

3.      Copies of pre-discovery disclosure documents ($20.87);

4.      Copies of documents produced to plaintiff's counsel ($183.01);

5.      Copies of documents produced to plaintiff's counsel ($62.49);

6.      Copies of additional claims materials ($353.27); and

7.      Copies of documents for Mississippi Insurance Department hearing ($75.58).

There is no indication in the record that item 1 is duplicative of any other copies made. It appears to be an initial copy of the claim file obtained from Defendant. Therefore the Court overrules Plaintiff's objection with respect to it.

Items 2 and 3 are obviously duplicative. According to the invoices, they each consist of the same number of copies, and Defendant's counsel was charged the same amount. Therefore, the Court sustains Plaintiff's objection with respect to item 3, but overrules it with respect to item 2.

Items 4 and 5 were copies produced to Plaintiff's counsel. Each invoice is for a different number of copies and, therefore, a different amount of money. There is no indication that the copies are duplicative of any other copies made. Therefore, the Court overrules Plaintiff's objection with respect to items 4 and 5.

8

Finally, there is no indication that items 6 and 7 are duplicative of any other materials. Item 6 is labeled as "additional claim materials," and item 7 is labeled as documents for the Mississippi Insurance Department. Each invoice is for a different amount of copies than any other invoice. Therefore, the Court overrules Plaintiff's objection with respect to items 6 and 7.

## IV. CONCLUSION

For the reasons stated above, the Court sustains in part and overrules in part Plaintiff's objections [39, 42] to Defendant's Bill of Costs [38] and the Clerk's Taxation of Costs [41]. More specifically:

A.  Plaintiff's objection to the taxation of expert fees in the amount of $7,793.75 is sustained.

B.  Plaintiff's objection to the taxation of the cost of transcripts in the amount of $333.50 is overruled.

C.  Plaintiff's objection to the taxation of copying and printing costs is overruled with respect to items 1, 2, 4, 5, 6, and 7 listed above – totaling $712.13. Plaintiff's objection to the taxation of copying item 3 listed above – in the amount of $20.87 – is sustained.

The Court will enter a judgment consistent with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this 28th day of March, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

9